IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**FLORA OATIS**                                                                                  **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 2:13-CV-162-KS-MTP**

**WAL-MART STORES, INC.**                                         **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For all of the reasons stated below, the Court **denies** Plaintiff's Motion to Remand [5].

Plaintiff provided three arguments in favor of remand. Two concern this Court's subject matter jurisdiction, and the third relates to the procedural sufficiency of Defendant's removal. This Court has removal jurisdiction of all cases in which it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Defendant – as the removing party – has the burden of "showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore*, 706 F.3d 680, 684-85 (5th Cir. 2013). Because federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

### A.     *Complete Diversity*

Plaintiff initially argued that Defendant's Notice of Removal [1] is deficient because it does not contain sufficient information about the citizenship of various Wal-Mart entities related to Defendant, Wal-Mart Stores East, L.P.[1] Defendant has since filed an Amended Notice of Removal [16], which provides sufficient information to determine whether the Court has diversity jurisdiction.

The citizenship of a limited liability company, limited partnership, or other unincorporated association "is determined by the citizenship of all of its members." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012). For diversity jurisdiction, the parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* When determining whether the parties are completely diverse, the Court looks at their citizenship at the time the Complaint was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004).[2]

---

[1] According to the docket and the heading on each pleading in this case, Wal-Mart Stores, Inc. is the Defendant. The parties agree, though, that Wal-Mart Stores East, L.P. should have been named as the Defendant, and they have briefed the present motion as if it were the Defendant. The Court will address the current motion as if Wal-Mart Stores East, L.P. were the named Defendant, but the parties should seek leave to substitute the proper party.

[2] Plaintiff also argued that Defendant's Notice of Removal [1] was deficient because Defendant failed to allege its citizenship at both the time the Complaint was filed and the time of removal. Defendant corrected this purported deficiency in its Amended Notice of Removal [16].

Defendant, Wal-Mart Stores East, L.P., is a limited partnership. Its sole limited partner is WSE Investment, LLC, and its sole general partner is WSE Management, LLC. Both limited liability companies have a single member: Wal-Mart Stores East, LLC. Wal-Mart Stores East has a single member: Wal-Mart Stores, Inc., which was organized under Delaware law and maintains its principal place of business in Bentonville, Arkansas.

Therefore, Defendant, Wal-Mart Stores East, L.P., is a citizen of Delaware and Arkansas. Plaintiff is a citizen of Mississippi. The parties are completely diverse.

### B. *Amount in Controversy*

Next, Plaintiff argues that the amount in controversy does not exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Where the plaintiff does not allege a specific amount of damages, as is the case here, "[t]he removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). There are two ways a defendant can meet this burden: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy . . . that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (punctuation omitted). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Plaintiff alleged that she suffered "severe permanent disabling injuries, both physical and mental," and that she incurred "reasonable and necessary medical bills." She also alleged that she suffered and will continue to suffer "severe physical and emotional pain," "loss of enjoyment of life, and mental anguish . . . ." Finally, she requested an unspecified amount of punitive damages and attorney's fees. Based on Plaintiff's allegations of permanently disabling injuries and severe past and future pain, and her demands for unspecified amounts of emotional damages, punitive damages, and attorney's fees, the Court finds that it is facially apparent that the amount in controversy exceeds $75,000.00.[3]

To rebut Defendant's showing, Plaintiff must demonstrate that it is "legally certain" she will not recover more than the jurisdictional minimum. *White*, 319 F.3d at 676. She presented a letter [6-1] from her attorney to Defendant's counsel, dated December 17, 2010. Therein, counsel claimed that Plaintiff had incurred $3,509.00 in medical expenses, and he demanded $18,509.00 to settle Plaintiff's claims. While this may demonstrate that it is likely Plaintiff will recover less than $75,000, it does not demonstrate that it is "legally certain" she will do so. If Plaintiff is able to prove what

---

[3] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988); *Baglan v. Kemper Ins. Co.*, No. 2:12-CV-53-GHD-SAA, 2012 U.S. Dist. LEXIS 154790, at *6-*7 (N.D. Miss. Oct. 29, 2012); *Credit Acceptance Corp. v. Fortenberry*, No. 2:10-CV-251-KS-MTP, 2012 U.S. Dist. LEXIS 105574, at *6 (S.D. Miss. July 30, 2012); *Williams v. Ford Motor Co.*, No. 3:11-CV-110-NBB-SAA, 2012 U.S. Dist. LEXIS 100986, at *10 (N.D. Miss. July 20, 2012); *Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, No. 1:12-CV-141-LG-JMR, 2012 U.S. Dist. LEXIS 99478, at *5 (S.D. Miss. July 18, 2012).

she alleged in the Complaint – permanently disabling injuries, severe past and future pain, substantial past and future loss of enjoyment of life, past and future medical expenses, gross negligence, and reckless disregard for customer safety – she could recover more than the jurisdictional minimum.

*C.   Notice*

Finally, Plaintiff argues that Defendant did not provide her with notice of removal as required by 28 U.S.C. § 1446(d). Defendant mailed a copy of the notice of removal to Plaintiff's counsel, but not to Plaintiff. Section 1446 provides: "Promptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties . . . ." 28 U.S.C. § 1446(d). Plaintiff argues that Section 1446(d) requires service on an adverse party herself, rather than her counsel.

Federal courts have held that providing notice of removal to a party's attorney is sufficient to satisfy 28 U.S.C. § 1446(d).[4] Furthermore, Rule 5 provides: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." FED. R. CIV. P. 5(b)(1). This Court previously applied Rule 5 when determining whether a party complied with Section

---

[4] *See Kelley's Adm'r v. Abram*, 20 F. Supp. 229, 230 (E.D. Ky. 1937); *Lonberger v. Omni Indem. Co.*, No. 1:13-CV-243-LG-JMR, 2013 U.S. Dist. LEXIS 109703, at *11 (S.D. Miss. Aug. 2, 2013); *Pittman v. Monumental Life Ins. Co.*, No. 2:97-CV-250-B-B, 1998 U.S. Dist. LEXIS 10795, at *4-*5 (N.D. Miss. May 5, 1998); *Ynoa v. Kutner*, 2011 U.S. Dist. LEXIS 49514, at *7-*9 (S.D.N.Y. May 5, 2011); *Hill Dermaceuticals, Inc. v. Rx Solutions*, 2008 U.S. Dist. LEXIS 31092, at *6 (M.D. Fla. Apr. 11, 2008).

1446(d). *Washington v. DerKnoCo Auto Sales*, No. 3:06-CV-293-L-R, 2006 U.S. Dist. LEXIS 47090, at *9 (S.D. Miss. July 10, 2006). Plaintiff admits that Defendant provided written notice to her attorney. That satisfies Section 1446(d).

For all of the reasons stated above, the Court **denies** Plaintiff's Motion to Remand [5].

SO ORDERED AND ADJUDGED this 29th day of October, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE